## ÆTNA LIFE INS. CO. v. MASON et al.

District Court, D. New Jersey. January 9, 1929.

Collins & Corbin, of Jersey City, N. J. (Edward A. Markley, of Jersey City, N. J., of counsel), for plaintiff.

Warner W. Westervelt, Jr., of Hackensack, N. J., for defendant Mason.

McDermott, Enright & Carpenter, of Jersey City, N. J., for defendant Curley.

RUNYON, District Judge. In March, 1896, Thomas L. Curley, intestate of John L. Curley, took out a policy of insurance with the Ætna Life Insurance Company, and, after paying all the premiums thereon, made a collateral assignment of the policy to one George L. Mitchell, who in turn assigned same to Alfred Mason. This assignment was given as security for a loan of $4,000, with interest from November 16, 1900.

The policy now being due and payable, claims which involve both the status of the estate of Thomas L. Curley, deceased, and that of Alfred Mason have been advanced against the proceeds thereof, and because of that condition the Ætna Company has paid the sum of $5,000 into court and filed a bill, under the Federal Insurance Interpleader Act, asking that the Curley estate and Mr. Mason be ordered to settle between themselves their respective rights in and to the proceeds of the policy.

This present motion to dismiss has been inaugurated by the claimant, Alfred Mason, whose contention it is that the claim of the Curley estate is not bona fide, because the original assignment by Thomas L. Curley divested him of any and all interest in the policy, and that the said Alfred Mason is entitled under the assignment to himself to all the policy proceeds.

The Curley estate, by John L. Curley, administrator, joins with the Ætna Company in asking that the bill be sustained.

The act invoked by the Ætna Company is that of May 8, 1926, being chapter 273, 44 Statutes at Large (28 USCA § 41 (26), and provides in part as follows:

"The District Courts shall have original jurisdiction as follows:

\*  \*  \*  \*  \*  \*  \*

"(26) Of suits in equity begun by bills of interpleader, duly verified, filed by any *insurance company* or association or fraternal or beneficial society, *and averring that one or more persons who are bona fide claimants against such company,* association, or society resides or reside within the territorial juris-

diction of said court; that such company, association, or society has issued a policy of insurance or certificate of membership providing for the payment of $500 or more as insurance, indemnity, or benefits to a beneficiary, beneficiaries, or the heirs, next of kin, legal representatives, or assignee of the person insured or member; *that two or more adverse claimants, citizens of different states, are claiming to be entitled to such insurance,* indemnity, or benefits; that such company, association or society has paid the amount thereof into the registry of the court, there to abide the judgment of the court.

"In all such cases if the policy or certificate is drawn payable to the estate of the insured and has not been assigned in accordance with the terms of the policy or certificate the District Court of the district of the residence of the personal representative of the insured shall have jurisdiction of such suit. In case the policy or certificate has been assigned during the life of the insured in accordance with the terms of the policy or certificate, the District Court of the district of the residence of the assignee or his personal representative shall have jurisdiction. In case the policy or certificate is drawn payable to a beneficiary or beneficiaries and there has been no such assignment as aforesaid the jurisdiction shall be in the District Court of the district in which the beneficiary or beneficiaries or their personal representatives reside. In case there are beneficiaries resident in more districts than one, then jurisdiction shall be in the District Court in any district in which a beneficiary or the personal representative of a deceased beneficiary resides.

"Said court shall hear and determine the cause and shall discharge the complainant from further liability, and shall make the injunction permanent and enter all such other orders and decrees as may be suitable and proper, and issue all such customary writs as may be necessary or convenient to carry out and enforce the same. (Feb. 22, 1917, c. 113, 39 Stat. 929; Feb. 25, 1925, c. 317, §§ 1–3, 43 Stat. 976.)"

The original assignment of Thomas L. Curley to Mitchell was as a matter of fact a collateral assignment, and concerning the scope of such, and the rights begotten thereby, 37 Corpus Juris, under the title "Life Insurance," § 147, at page 436, speaks as follows:

"The assignee who holds the policy by way of security is entitled only to the amount of his claim and advances with interest. In other words he is entitled to that portion only needed to idemnify him, and this is so

although the conveyance is absolute in form. Whether the assignment is absolute in form or as collateral security, equity will regard the assignment as collateral security"—citing numerous authorities of like tenor.

The present result of such procedure, approved as above indicated, is at least twofold: First, the estate of Thomas L. Curley, deceased, would be entitled in all events to any surplus of said policy proceeds which might remain after satisfying the lawful demands of his assignee; and, second, Alfred Mason, as assignee of Mitchell under a collateral assignment, as in fact it seemingly was, irrespective of its form, took such rights only thereunder as Mitchell himself possessed.

"An assignment to secure a debt is not absolute where it is not clearly evidenced that it is so intended, especially where the premiums are charged to the debtor, and an assignment which limits the extent of recovery and which is in effect one for security of advances, will operate as a contract of security only. Again, although an assignment is absolute on its face, the entire transaction is a matter of inquiry by the court and the interest should be limited to the sum or amount which it was intended should be secured." Joyce on Insurance, § 2336, p. 3986.

"The recovery by an assignee is limited to the amount of indebtedness for which the policy is held as collateral security, together with interest and the sum paid by him in premiums, where it is agreed that said security shall be held until the indebtedness is paid, when the policy shall be reassigned and premiums paid by him shall be added to the debt." Id:, § 2337–a, p. 3992.

All of which, after a careful study of the authorities submitted to me, has bred the conviction that the situation is one fully justifying the action of the Ætna Company is filing its bill of interpleader.

John L. Curley, as administrator, appears to me to be in all respects a bona fide claimant for a part, at least, of the fund in question, and, even if successful argument might be made against his bona fides, he must concededly be acknowledged an adverse claimant, and thus standing within the pale of the act's provisions.

As strengthing my conviction that the Ætna Company is justified in its action appears the claim set forth in the Curley answer that the Mason claim, by virtue of either or both of the assignments in question, was outlawed by the statute of limitations in both Florida and New Jersey.

I am of the opinion that the present motion should be denied, and the bill of interpleader be allowed to stand.